**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHIPLEY M. ATKINSON, II, | * | |
| (AIS # 00323119), | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 20-00545-CG-B |
| | * | |
| UNITED STATES DISTRICT COURT, | * | |
| | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] Chipley M. Atkinson, II, an Alabama state inmate proceeding *pro se*, filed a "Motion for Compassionate Release or Sentence Modification Based on the First Step Act or the Cares Act," along with a motion to proceed *in forma pauperis*. (Docs. 1, 2). For the reasons set forth herein, it is recommended that the motion be summarily denied.

**I. Factual Background and Proceedings.**

On November 9, 2020, Chipley M. Atkinson, II, an Alabama state inmate proceeding *pro se*, filed a "Motion for Compassionate Release or Sentence Modification Based on the First Step Act or the Cares Act," along with a motion to proceed *in forma pauperis*. (Docs. 1,

---

[1] This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R).

2). In his motion for compassionate release, Atkinson states that he seeks a sentence modification to home confinement, "due to health issues and the COVID-19 pandemic." (Doc. 1 at 1). Atkinson argues that his underlying medical conditions, namely chronic kidney disease, hypertension, obesity, and long term smoking, place him at an increased risk of severe illness or death should he contract the virus. (Id.). Atkinson states that it is not possible to practice social distancing and proper hygiene at the Mobile Metro Jail where he is confined, and that, if released to home confinement, he would live with his wife in Pensacola, Florida. (Id.).

**II. Analysis.**

Section 3582(c)(1)(A) of Title 18 of the United States Code, the federal compassionate release statute, permits a district court to "reduce [a] term of imprisonment" of inmates in federal custody "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Specifically, a court may order an inmate's release if the court finds that "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the instant case, Atkinson is in state custody on a state offense.  Indeed, the Alabama Department of Corrections website reflects that Atkinson was convicted and sentenced on March 20, 2020, for Assault I in the Mobile County Circuit Court, and that he is awaiting transfer from the Mobile County Jail. (www.doc.state.al.us/InmateHistory).  Given that Atkinson is in state custody, the federal compassionate release statute is wholly inapplicable to him.  Thus, his motion should be **denied.**  See Williams v. Keiser, 2020 U.S. Dist. LEXIS 74397, *3, 2020 WL 2028256, *2 (W.D.N.Y. Apr. 28, 2020)(denying motion for compassionate release where the inmate was in state custody); Teague v. Colorado, 2020 U.S. Dist. LEXIS 109733, *14, 2020 WL 3429153, *5 (D. Colo. June 22, 2020)("Mr. Teague is in state custody as a parolee on a state offense, and the Court does not have the authority to order a compassionate release from state custody, which is a matter of state law.")(quoting Williams, 2020 WL 2028256 at *2 (internal quotation marks omitted); Puerner v. Smith, 2009 U.S. Dist. LEXIS 120169, *4, 2009 WL 4667996, *2 (E.D. Wis. Dec. 3, 2009)("this court does not have the authority to order a compassionate release from state custody, which is a matter of state law. The continued incarceration of an ill inmate does not violate the Eighth Amendment, and the complaint does not suggest

that his treatment in prison is constitutionally inadequate, only that he could receive better treatment outside."); accord <u>United States v. Tillisy</u>, 2020 U.S. Dist. LEXIS 68086, *4, 2020 WL 1904045, *2 (W.D. Wash. Apr. 17, 2020); <u>Espinoza v. Stanislaus Cnty. Sheriffs Dep't</u>, 2020 U.S. Dist. LEXIS 105120, *3 (E.D. Ca. June 16, 2020), *report and recommendation adopted,* 2020 U.S. Dist. LEXIS 125712, 2020 WL 4017828, *1 (E.D. Cal. July 16, 2020).

Accordingly, based on the foregoing, the Court **RECOMMENDS** that Atkinson's motion be **denied**, and that this action be terminated.[2]

## <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

---

[2] To the extent that Atkinson desires to file a federal habeas petition challenging his state court conviction, he must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A).

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **November, 2020.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE